

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

~~JOHN BEN SHEPPERD~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4052
Re: Withholding of issuance of
warrants to school districts
for Available School Fund,
under the provisions of Ver-
non's Revised Civil Statutes,
Article 2835a.

You request the opinion of this department on the question whether your department will be required to issue warrants to school districts in default more than two years in the payment of principal or interest on bonds due the State Permanent School Fund.

Your question involves an inquiry into the constitutionality of Article 2835a, Vernon's Revised Civil Statutes, which reads as follows:

"Art. 2835a. State Board may exact certain duties of districts, cities, and towns which have assumed control of schools, and whose bonds are owned by Permanent School Fund.

"Section 1. The State Board of Education may require any school district, or any city or town which has assumed the control of public schools located therein, school bonds of which are owned by the State Permanent School Fund, and which may be entitled to receive moneys from the Available State School Fund, or for Rural Aid, and which is in default for a period of two (2) years as to the payment of principal or of interest or both, of any outstanding school bond issue of such district, city or town, to levy a tax sufficient to pay the principal and interest of its bonds as such principal matures and as such interest accrues; provided, if any

such district, city or town shall furnish to the State Board of Education satisfactory proof that its taxing ability is insufficient to provide money enough to pay principal and interest of its bonds according to their tenor and effect, then in the alternative, the Board may require such district, city or town to exhaust its legal remedies in the matter of collecting its taxes then delinquent, and to levy a tax at the maximum rate for bond purposes permitted under the law applicable to it, based on the assessed valuation of taxable property therein, duly and fairly ascertained in the manner required by law; that when such taxes shall have been so levied and collected, each holder of its bonds including the State of Texas, shall be entitled to receive a proportionate part of the money thus collected based on the requirements for principal and interest of the bonds owned by each holder calculated on the basis of original bonds before refunding operations, if any, occasioned because of the embarrassed financial condition of such district, city or town; that the proportionate part to be available to each holder shall not be reduced by reason of acceptance by said holders of refunding bonds.

> "Default in payments of principal
> or interest of bonds

"Sec. 2. If any such district, city or town defaults in the payment of principal or interest on its bonds for a period of two years held by the State Permanent School Fund, the Comptroller of Public Accounts shall not issue any warrants to or for the benefit of such district, city or town for the payment of the Available School Fund or for Rural Aid; provided that at such time as the Comptroller shall have received a certificate executed by the President and Secretary of the State Board of Education to the effect that such district, city or town has complied with the requirements of the State Board of Education as to the levying and collecting and distributing of taxes as more fully described in Section 1 of this Act, then in the event the Comptroller of Public Accounts shall resume making such payments to or for the benefit of such district, including the making of pretermitted payments.

"Authority of State Board during period
of delinquency

"Sec. 3. So long as any such district, city
or town is delinquent in its payments of principal
or interest or both, the State Board of Education
shall have authority to specify the method of
crediting payments to the State made by such Dis-
trict, city or town as to principal or interest.

"Duties and rights cumulative

"Sec. 4. The duties imposed and the rights
conferred by this Act shall be cumulative of all
other duties heretofore imposed and rights here-
tofore conferred and shall not be considered to
be in substitution thereof.

"Partial invalidity

"Sec. 5. In event any provisions of this
Act shall be inconflict with the provisions of
any other Act, the provisions contained in this
Act shall prevail. In event any sentence, clause
or provision contained in this Act shall be in-
valid, such partial invalidity shall not affect
the other provisions of this Act. As amended
Acts 1937, 45th Leg., p. 619, ch. 309, § 1."

It is to be noted that the Article applies both to
rural aid funds and the Available School Fund. Since the
Rural Aid Fund is a creature of statute and the power of the
Legislature as respects such funds is not subject to the same
constitutional restrictions as apply to the constitutional
fund known as the "Available School Fund", it is the opinion
of this department that the statute, as applied to rural aid
funds, is constitutional.

As respects the application of the statute to the
Available School Fund, however, a serious constitutional
question arises.

The Available School Fund is a special fund set up
by constitutional provision. Section 1 of Article 7 of our
Constitution makes it the duty of the Legislature to establish

and make suitable provision for the support and maintenance of an efficient system of public free schools. Section 3 of the same Article provides for the levying and collecting of certain taxes, to be set apart annually for the benefit of the public free schools, in an amount sufficient to maintain and support the public schools of this state for a period of not less than six months in each year. Section 5 of the same Article provides that the Available School Fund thus established "shall be applied annually to the support of the public free schools"; that no part of the fund shall be appropriated to any otherpurpose; and that the Available School Fund provided for by the Constitution "shall be distributed to the several counties according to their scholastic population and applied in such manner as may be provided by the law."

It is of course elementary that the Legislature can enact any law not prohibited by constitutional limitation. It is, however, equally elementary that the mandates of the Constitution must be obeyed by the Legislature, and that any law which is in conflict with the mandatory provisions of the Constitution is invalid.

The mandates of the Constitution in respect to the Available School Fund, therefore, are these:

1. The fund is not to be used for any purpose other than the support of the public free schools.

2. The fund is to be applied annually to the support of the public free schools.

3. The annual application of the fund is to be made by distributing it to the counties in proportion to their scholastic population.

Does the Act under consideration violate any of these constitutional mandates? If so, it is invalid. The answer to this question, it seems to us, is found in the following language used by Judge Gaines in the case of Jurnigan vs. Finley, 90 Tex. 205, in speaking of Section 5, Article 7, of the Constitution:

"To authorize the Comptroller to withhold his warrants until the county debt was paid would infringe the express provisions of the section quoted which declares that the fund shall be distributed to the several counties according to their scholastic

population and applied in such manner as may be provided by law. It is evidently meant that it must be distributed and applied for the purpose for which the fund was created."

To command that the funds shall be distributed and applied is to deny to the Legislature the authority to authorize the impounding of the funds and the withholding of them, as is attempted by the provisions of Article 2835a. It is not a sufficient answer to the constitutional mandate to say that the Legislature might direct the application of the Available School Fund to the retirement of the bonds issued for school purposes. If the authority to do this be conceded, still it does not follow that the Legislature may direct the funds be not distributed unless certain steps are taken to retire such bonds. Assuming, without deciding, that the application of the Available School Fund to the retirement of the bonds would be to apply them to the "support" of the public free schools, it would also, in such case, comply with the constitutional mandate that there be an annual distribution and application thereof; whereas, the direction to withhold the distribution of the funds, rather than to distribute and apply them, conflicts with the mandate of the constitution of the funds to the support of the public free schools. This command of the Constitution may be satisfied only by positive action, not by inaction. It may be satisfied by the distribution and application of the funds, not by the withholding of the funds and the refusal to apply them.

Such was the holding of this department in Conference Opinion No. 3042, dated March 1, 1939, wherein Article 2922l, Section 4, Vernon's Revised Civil Statutes, was held to violate Article 5, Section 7, of the Constitution.

You are therefore advised that insofar as Article 2335a attempts to authorize the withholding of the issuance of warrants for the Available School Fund apportionment, under the conditions prescribed in such statute, it is unconstitutional, and therefore void.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 12, 1942

/s/ Grover Sellers

By    /s/ R. W. Fairchild

FIRST ASSISTANT
ATTORNEY GENERAL

R. W. Fairchild
Assistant

RWF:mp:am

APPROVED
OPINION